**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA DIVISION
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA,**

   Plaintiff,

vs.                                                              CASE NO.1:01CR31-SPM/AK

**DANIEL L. BERRIOS,**

   Defendant.

                                   /

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's motion to vacate pursuant to § 2255. Doc. 191.

Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine and methamphetamine and was sentenced on June 17, 2002, to a term of 63 months imprisonment. Doc. 170. Defendant appealed his sentence, but the appeal was dismissed. Doc. 183. Recently, Defendant sought § 2255 relief on the grounds that he had been subjected to an unconstitutionally enhanced sentence under the Sentencing Guidelines in contravention of *Blakely v. Washington*. Doc. 188. On March 25, 2005, the Court recommended that the motion be denied because "*Booker* is not retroactively applicable to cases on collateral review...." Doc. 189. Defendant did

not file any objections to the Report and Recommendation, and the district judge, after reviewing the R&R *de novo*, adopted the R&R and denied the motion to vacate. Doc. 190. Defendant did not appeal that ruling.

On this occasion, Defendant asks the Court "to drop the Supervised Release and to correct [his] sentence so it complies with the laws that are before us." Doc. 191.

Defendant is clearly barred from seeking § 2255 relief at this time on his claims. He was previously denied § 2255 relief and may not file a second or successive motion under § 2255 without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3) & 2255. Even then, a second or successive motion will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255. Defendant has not sought or been granted leave by the appellate court to file a second or successive motion to vacate, and thus, review is plainly foreclosed here at this time.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 191, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this *10th* day of March, 2006.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**Case No.1:01cr31-spm/ak**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**Case No.1:01cr31-spm/ak**